## SALMON B. ROWLEY v. J. J. CARRON.

ERROR TO THE COURT OF COMMON PLEAS NO. 4, OF PHILADEL-
PHIA COUNTY.

Argued March 31, 1887—Decided October 3, 1887.

When, by the laws of another state, the transcript of a judgment of a justice of the peace filed in a Court of Common Pleas of said state is to be treated as a judgment of said court, the duly authenticated record of said court, when sued upon in this state, is entitled to the same faith and credit as though the judgment had been originally obtained in said foreign court.

Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN and CLARK, JJ.; GORDON and PAXSON, JJ., absent.
No. 183 January Term 1887.

In the court below, the action was brought December 22, 1885, by J. J. Carron against Salmon B. Rowley. The narr. declared in debt upon a judgment recovered by the plaintiff in the Court of Common Pleas in and for the county of Cuyahoga, State of Ohio, at the September Term of said court in the year 1885, against the defendant, for the sum of $198.53 and costs, on a transcript of a justice of the peace of said county and state filed in said court. The defendant pleaded nul tiel record and nil debet.

At the trial on November 8, 1886, the plaintiff offered in evidence a copy, duly authenticated according to the act of

congress, of the record of said court, showing that in May 1881, the plaintiff had brought suit against Salmon B. Rowley and William A. Leavitt before a justice of the peace in Cuyahoga county, Ohio, and that after service of the summons, judgment was entered by the justice against said Rowley for $195.18 and costs; and that on December 2, 1885, the plaintiff caused a transcript from the justice's docket to be filed in the Court of Common Pleas of said county.

With the said offer, the Ohio statute was shown, provisions of which were as follows:

SEC. 5377. The party in whose favor a judgment is rendered by a justice of the peace, or mayor of a municipal corporation, may at any time after the day the judgment is rendered, if the same be not appealed or stayed, file in the office of the clerk of the Court of Common Pleas of the county in which the judgment was rendered a transcript thereof, having certified therein the amount, if any, paid thereon; and thereupon the clerk shall enter the case on the execution docket, together with the amount of the judgment and the time of filing the transcript; but if within ten days after the rendition of the judgment the judgment debtor pay the same, or give bail for stay of execution, the justice or mayor shall forthwith certify that fact to the clerk of the Court of Common Pleas, who shall enter a memorandum thereof upon the execution docket; and the costs of the transcript, the filing thereof, and of the entry on the docket, shall be paid by the party who files the transcript, and not be taxed to the other party.

SEC. 5378. Such judgment, if the transcript be filed in term time, shall be a lien on the real estate of the judgment debtor within the county from the day the transcript is filed; and if filed in vacation the judgment shall, as against the debtor, be a lien from the day it is filed, but as against other transcripts filed in vacation and judgments rendered at the next term of the court, it shall be a lien only from the first day of the next term.

" SEC. 5379. Execution may be issued on such judgment at any time after filing the transcript, as if the judgment had been rendered in court; but the lien shall remain as provided in the preceding section."

To the offer of said record, the defendant objected upon the

ground that the plaintiff had declared upon a judgment obtained by the plaintiff against the defendant in the Court of Common Pleas of Cuyahoga county, and the record offered was a judgment obtained before a justice of the peace.

The court overruled the defendant's objection, admitted the record in evidence, and, under instructions to the jury, a verdict was rendered in favor of the plaintiff for $261.69. Judgment being entered, the defendant took this writ, assigning for error the overruling of the objection to said record and the direction to find for the plaintiff.

*Mr. Richard C. Dale* (with him *Mr. Samuel Dickson*),for the plaintiff in error :

1. Against a record of a judgment of the Court of Common Pleas of Cuyahoga county, Ohio, no defence could be shown except payment. But a judgment of a justice of the peace is not within the constitutional and statutory provisions, and many defences are admissible which would be inadmissible against a judgment of a court of record: 1 Greenl. Ev. § 504. The effect of a judgment of a justice of the peace in another state has been regulated by §§ 3 and 4 of our act of February 27, 1845, P. L. 73.

2. The judgment offered in evidence is not a judgment of the Court of Common Pleas of Cuyahoga county, but simply a transcript from the docket of a justice of the peace, and the record is simply evidence of the judgment obtained in the original proceeding: Brandt's App., 16 Pa. 343; Beck v. Church, 113 Pa. 200; Mellon v. Guthrie, 51 Pa. 116; Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431; Drum v. Snyder, 1 Binn. 381; Dailey v. Gifford, 12 S. & R. 72. There was, therefore, a material variance between the allegata and the probata.

*Mr. John F. Keator* (with him *Mr. T. Elliott Patterson*),for the defendant in error :

Under Art. IV, § 1, of the U. S. constitution, and U. S. R. S. § 1905, the courts of the United States have repeatedly held that a judgment recovered in any state of the Union before a court of competent jurisdiction upon notice to the defendant therein, is not to be regarded in any other state as a foreign

judgment, but is to be treated as a domestic judgment through- ·
out the United States: Desty Const. 230; Baxley v. Linah, 16
Pa. 241; Mills v. Duryea, 7 Cranch 481.

2. The record is certified to be a "record of the proceedings
of the Court of Common Pleas within and for the said county
of Cuyahoga," and is such a record of a judicial proceeding as
is contemplated by the constitution and the act of congress:
Rev. St. Ohio, §§ 5377, 5378, 5379, 5380, 599, 491; Rogers v.
Burns, 27 Pa. 525; Monroe v. Daily, 14 Ohio 91; McCurdy v.
Boughman, 43 Idem 85; Goodrich v. Justice, 6 Idem 45;
Sipes v. Whitney, 30 Idem 69; Rorer Int. St. L. 116.

OPINION, MR. CHIEF JUSTICE GORDON:

This was an action of debt, and the plaintiff declared on an
exemplification from the Court of Common Pleas of the county
of Cuyahoga, state of Ohio. On offer of this exemplification
the defendant interposed the objection that the plaintiff had
declared upon a judgment obtained by the plaintiff against the
defendant in the Court of Common Pleas of Cuyahoga county,
and the record offered was a judgment obtained before a jus-
tice of the peace. This objection was overruled and the record
admitted. The question, then, that we have before us is the
correctness of this ruling.

The argument on part of the plaintiff in error assumes that
the entry of the justice's transcript, in accordance with the
Ohio Statute, did not make it a judgment of that court; for it
seems to be conceded that if, under the laws of that state, it is
to be treated as a judgment of the Common Pleas, it must,
under the 4th article of the constitution of the United States,
be so treated in this state. We must give "full faith and
credit" to the public acts, records, and judicial proceedings of
the state of Ohio. What, then, was the credit given to these
proceedings in the courts of that state? Did the entry of the
transcript give it the force of a judgment of the Common
Pleas? If so, it is beyond the reach of collateral inquiry
either in that state or this. But to determine this question we
need go no farther than the Ohio statute itself. That statute
provides for the entry of the transcript in the Common Pleas,
and by force of such entry it becomes a lien on the defendant's
real estate. It further provides, sec. 5379: "Execution may

be issued on such judgment at any time after filing the transcript as if the judgment had been rendered in court; but the lien to remain as provided in the preceding section." From this it follows, that the "credit" given to an entry of this kind in Ohio, is the same as if the judgment had been rendered in the court of Common Pleas. This determines its status in this state; hence, the court below was right in refusing to sustain the defendant's objection, and in admitting the transcript in evidence.

The judgment is affirmed.