# Burnet *v.* Smith, Appellant.

*Judgment—Foreign judgment—Judgment of justice of the peace—Exemplification filed of record—Suit on foreign judgment.*

Where the statutes of another state provide that the exemplification of a judgment of a justice of the peace, filed in a court of record, shall become a judgment of that court, such exemplification may be the basis of an action in Pennsylvania for the recovery of the judgment therein specified.

Submitted, Oct. 18, 1905. Appeal, No. 133, Oct. T., 1905, by defendant, from judgment of C. P. No. 5 Phila. Co., Dec. T.,

1904, No. 2781, on demurrer to statement in case of Philip Burnet, Jr., and George E. Saulsbury, trading as Burnet & Saulsbury, v. Carl E. Smith. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Demurrer to statement.
The opinion of the Superior Court states the case.
The court entered judgment for plaintiff on the demurrer.

*Error assigned* was the judgment of the court.

*E. Hunn, Jr.*, for appellant.—The forum of a justice is not a court of record, and therefore not within the meaning of the act of congress: Snyder v. Wise, 10 Pa. 157 ; Warren v. Flagg, 19 Mass. 448.

*Paul D. I. Maier* and *Thomas Cahall*, for appellees.—And while it is true that a simple record of a judgment obtained before a justice of the peace was held in Snyder v. Wise, 10 Pa. 157, not to be within the act of congress directing the mode of authentication of the records and judicial proceedings of the courts of the several states, yet in Rowley v. Carron, 117 Pa. 52, it was held that when by the laws of another state the transcript of a judgment of a justice of the peace filed in a court of said state was to be treated as a judgment of such court, the duly authenticated record of said court, when sued upon in this state, is entitled to the same faith and credit as though judgment had been originally obtained in the said foreign court.

OPINION BY BEAVER, J., November 21, 1905 :
This case was submitted upon the paper-books, without argument. The sufficiency of the plaintiffs' statement of claim, raised upon demurrer, is the only question presented by the record. It is essential, therefore, to ascertain just what the statement avers, the facts averred being, of course, admitted by the demurrer. These are :
1. That a suit was instituted by plaintiffs against defendant

before a justice of the peace in the county of Sussex and state of Delaware.

2. That the justice had jurisdiction of the premises.

3. That a summons was duly issued and served upon the defendant.

4. That, after a hearing in the justice's court, a judgment was duly entered against the defendant and in favor of the plaintiffs for the sum of $152.11.

5. That the judgment was, by transcript, duly entered and docketed in the office of the prothonotary of the superior court of the state of Delaware, a court of record in and for Sussex county.

6. Said judgment still remains in full force and effect, not in anywise satisfied, reversed or annulled.

7. That a true and full exemplification of said judgment is brought into this court, and

8. That a true copy is annexed to and made part of the statement.

It appears by the revised code of the state of Delaware, 1893, page 754, sec. 23 of chapter 99, that " If it shall appear, by the return to an execution, that no goods can be found sufficient to satisfy the same, or any balance thereof exceeding five dollars, besides interest and costs, the creditor may file a duly certified transcript of the docket entries of the judgment and execution with the prothonotary of the Superior Court in the county where such judgment was given ; and the prothonotary shall enter in his judgment docket the names of the parties, the amount of the judgment and by what justice rendered, the time from which the interest runs, and the amount of the costs, with the true date of such filing and entry ; and such judgment so transferred shall from that date become and be a lien on all the real estate of the debtor in the county, in the same manner and as fully as judgments rendered in said Superior Court are liens, and may be executed and enforced in the same way as judgments of the said court."

The exemplification of the record of the superior court of Delaware for the county of Sussex affirmatively shows that the requirements of the law of the state of Delaware have been complied with. The record is certified, in accordance with the act of congress, by the certificate of the prothonotary of the

said court, the certificate of the chief justice thereof and the certificate of the prothonotary that the chief justice who made the attestation was, at the time of making thereof, and still is, chief justice of the state of Delaware and, as such, the presiding judge of the superior court of the said state, etc. The provisions of law have, therefore, been fully complied with.

The demurrer is directed solely to the alleged insufficiency of the record in the superior court of Delaware but the statement of claim, taken in connection with the record and the law of the state of Delaware above referred to, supply all the alleged deficiencies contained in the demurrer. The statement is to be taken as a whole. How its averments were to be maintained, in case of a defense made by the defendant, is another question and need not be here discussed. It is true that in Snyder v. Wise, 10 Pa. 157, it was held that "A judgment before a justice of the peace in another state is not within the act of congress directing the mode of authentication of the records and judicial proceedings of the courts of the several states; and, if it were, a copy of the proceedings, not certified to be attested according to the form used in such state, is not evidence." That, however, was an exemplification of a record of a judgment before a justice of the peace which had not been entered in a court of record. The case has no application whatever to the one now under consideration. It is more nearly ruled by Rowley v. Carron, 117 Pa. 52, in which Mr. Chief Justice GORDON said:

" The argument on part of the plaintiff in error assumes that the entry of the justice's transcript, in accordance with the Ohio statute, did not make it a judgment of that court; for it seems to be conceded that if, under the laws of that state, it is to be treated as a judgment of the common pleas, it must, under the fourth article of the constitution of the United States, be so treated in this state. We must give 'full faith and credit' to the public acts, records and judicial proceedings of the state of Ohio. What, then, was the credit given to these proceedings in the courts of that state? Did the entry of the transcript give it the force of a judgment of the common pleas? If so, it is beyond the reach of collateral inquiry either in that state or this. But to determine this question we need go no far-

ther than the Ohio statute itself. That statute provides for the entry of the transcript in the common pleas, and by force of such entry it becomes a lien on the defendant's real estate. It further provides, sec. 5379 : ' Execution may be issued on such judgment at any time after filing the transcript as if the judgment had been rendered in court ; but the lien to remain as provided in the preceding section.' From this it follows that the ' credit ' given to an entry of this kind in Ohio is the same as if the judgment had been rendered in the court of common pleas. This determines its status in this state ; hence, the court below was right in refusing to sustain the defendant's objection, and in admitting the transcript in evidence." In that case, it is true, it was a question of the admission of the exemplification of the record in evidence. Here it is a question of making the exemplification the basis of an action for the recovery of the judgment therein certified, but the principle is precisely the same in both cases.

We have no opinion of the court below in the case, but it is to be presumed that the statutes of Delaware were considered by that court in the consideration of the demurrer to the sufficiency of the statement. This statement in our view fills all the requirements of a good cause of action, and the demurrer was properly overruled.

Judgment affirmed.